# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

| | | |
|---|---|---|
| **GEORGE GADD** | ) | **PLAINTIFF** |
| | ) | |
| | ) | |
| **VS.** | ) | **Case No. 4:08-CV-04229 SWW** |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **ERIC HOLDER, Attorney General,** | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| **MICHELLE M. LEONHART, Acting Administrator** | ) | |
| **for DRUG ENFORCEMENT ADMINISTRATION** | ) | **DEFENDANTS** |

## CONSENT PRIVACY ACT PROTECTIVE ORDER

Pursuant to the Privacy Act, 5 U.S.C. § 552a, the United States is required to maintain the confidentiality of records and information pertaining about individuals United States Drug Enforcement Administration (DEA) employees and former employees, applicants for position within the United States, and individuals or companies which are or were the subject of DEA investigation which are retrievable from the United States' systems of records by those individuals' names or other identifying information. These records contain confidential and identifying information regarding non-party or no-witness individuals. Release of the information through trial preparation or trial in this case will likely make the information publicly available and likely invade the privacy of non-party and non-witness individuals, contrary to the Privacy Act. In addition, plaintiff has sought information that the United States believes is protected by the law enforcement investigatory privilege. Specifically, plaintiff seeks information about investigations opened by Diversion Investigators in the Little Rock District Office. The United States has a significant interest in protecting such information from becoming publicly available to others outside the law enforcement.

In order to permit the parties to discover and to introduce into evidence information relevant to this action without undermining or violating the Privacy Act or the law enforcement investigatory privilege, the parties have sought an Order of the court permitting the United States to produce such relevant records to plaintiff and permitting the parties to use such records solely for the purposes of this litigation.

The court has weighed the public interest and the need for disclosure against the potential injury to the people who are the subjects of the information contained in these documents, as well as the risk of disclosing documents and information protected by the law enforcement investigatory privilege, and has determined that the need to protect against the injuries associated with disclosure outweighs the plaintiff's need for the information.

Therefore, pursuant to the Privacy Act of 1974, 5 U.S.C. § 522a (1976), it is hereby ORDERED pursuant to 5. U.S.C. § 522(a)(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1. This Order applies to, governs, and directs the disclosure in the course of this action of all Drug Enforcement Administration records that are protected by the law enforcement privilege, Privacy Act, or any personal information secured by the Drug Enforcement Administration from other sources when the disclosure of such is mandated by either the Federal Rules or the Local Rules requiring disclosure or, further is necessary to respond to plaintiff's formal discovery under the Federal Rules of Civil Procedure. However, this Order itself neither address or overrules any objections to discovery made pursuant to the Federal Rules of Civil Procedure on any basis other than personal privacy. Further, this Order addresses all medical records obtained by either party during the discovery process.

2. All medical records shall be subject to this Protective Order.

3. Whenever counsel for the United States believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or subject to the law enforcement investigatory privilege, counsel for the United States shall, in writing provided to plaintiff's counsel, designate the information as subject to this Order by imprinting: "Subject to Protective Order" on the front page of the document or interposing that phrase prior to a discovery response, such as in response to a propounded Interrogatory.

4. No deposition testimony shall be revealed except as set forth in Paragraphs 10 and 11 for ten (10) days following the obtaining of a transcript of the deposition so that all deposition testimony deemed subject to the Privacy Act may be designated as such within ten (10) days after a transcript of the deposition is received. If the opposing party disagrees with any designation of material as subject to this Protective Order and the parties cannot resolve the disagreement, the objecting party may present the issue to the court for determination. Until the court rules otherwise, the document shall be treated as subject to this Protective Order.

5. To the extent practicable, counsel for the United States will redact sensitive and personal information from the records produced, including but not limited to Social Security numbers, residence addresses, phone numbers, including cell phone numbers, dates of birth, names of minor children, and other such personal information.

6. Nothing in this Order shall be construed to preclude the United States from asserting the law enforcement investigatory privilege or any other applicable privilege, and

declining to produce materials or portions of materials where the United States deems it appropriate.

7.      This Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

8.      The parties may use records produced by the United States pursuant to this Order in conducting further discovery in this case.  The parties also may use records produced by the United States pursuant to this Order in all law and motion proceedings.  However, the parties agree, and the court orders, that any information or records designated as "Subject to Protective Order" will be filed under seal.

9.      Nothing in this Order shall be construed to preclude plaintiff from challenging the United States' assertion or assertions of privilege in court pursuant to the Federal Rules of Civil Procedure or any other governing authority.

10.     The right of access to all materials designated as subject to this Order shall be limited to the parties, counsel for the parties and their staff, fact witnesses in the employ of the United States or subject to non-disclosure obligations as employees of the United States, whether current or former, and experts or opinion witnesses in the parties' employ or under contract to the parties or their counsel, persons with factual knowledge who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; and any other person mutually authorized by all counsel or parties to examine such materials.  This right of access to these

materials shall be provided only if a party or counsel for the party is a signatory to this Order and agrees to be bound by its terms. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a nondisclosure Order of the court.

11. Except as provided in this Order, no person having access to material designated as subject to this Order shall make public disclosure of those materials without further Order of the court or stipulation of the parties. No use will be made of these documents or the information contained in them for any purpose other than trial preparation or trial in this litigation.

12. Nothing contained in this Order shall be construed as precluding plaintiff or defendants from introducing materials that are subject to this Order, or the contents thereof, into evidence at trial of this case. However, in the event that any material subject to this Order is used in any court proceeding herein, it shall not lose its status through such use, and the parties shall take all steps reasonably necessary to protect its confidentiality.

13. Upon conclusion of this action (including appeals), all copies of records protected by this Order (except copies of documents accepted into evidence) made pursuant to the terms of this Order shall be returned to the defendants or destroyed within sixty (60) days by the plaintiff's attorney. Nothing in this Order constitutes any decision by the court concerning discovery disputes or the admission into evidence of any specific document, or liability for payment of any costs of production or reproduction thereof, nor does the Order constitute a waiver by a party to that parties' right to object to the discovery or admission into evidence of any document or record subject to this Order.

14. No modification of this Order will be made, nor any additional use of these documents authorized, except on order of the court following written application to the court and after an opportunity for all parties to be heard. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

15. This Order shall be effective upon all persons, including parties, counsel, counsel's staff, and witnesses in this litigation. It is enforceable by the contempt powers of this court.

ENTERED this 28th day of August, 2009.

/s/Susan Webber Wright
United States District Court Judge

**APPROVED BY:**

JANE W. DUKE
UNITED STATES ATTORNEY


By   */s/ Dan Stripling*
    Dan Stripling
    Assistant United States Attorney
    Attorneys for the Defendants

A. Doug Chavis, Esq.
100 Easy Street
Little Rock, AR 72223


By   */s/ A. Doug Chavis*
    A. Doug Chavis
    Attorney for Plaintiff